# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LENELL KING LOZDOSKI and
KATRINA L. BASIC, on behalf of
themselves and all other persons similarly
situated,

Plaintiffs,

v.

CITY OF CHICAGO,

Defendant.

No. 09 C 658
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiffs, former employees of the Chicago Fire Department ("CFD") Public Education Unit, have alleged that the City violated their rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, by not properly compensating Plaintiffs for overtime worked during their employment. Specifically, Plaintiffs allege that the City did not properly pay employees who worked in the Public Education Unit for certain overtime hours, instead granting those employees days off with pay. During their employment, Plaintiffs were members and subject to the collective bargaining agreement ("Agreement") between the CFD and their union, the Chicago Fire Fighters Union, Local #2 ("Union"). Plaintiffs Lenell King Lozdoski and Katrina L. Basic filed a complaint against the City on behalf of themselves and all other persons similarly situated. The City has moved to compel Plaintiffs to arbitrate their claims as required by the Agreement. Plaintiffs oppose the motion, stating that the City has failed to show that Plaintiffs have an agreement to arbitrate the matter and that mandatory arbitration of FLSA claims is against public policy.

## I. Legal Standard

The Federal Arbitration Act ("FAA" provides that a written arbitration agreement "in any . . . contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on the application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." *Id*. at § 3.

To compel arbitration, Defendant must show that (1) there is a written agreement to arbitrate; (2) the dispute is within the scope of the arbitration agreement; and (3) Plaintiffs refused to arbitrate. *Zurich Am. Ins. Co. v. Watts Indus, Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). Labor law strongly supports the use of arbitration to resolve grievances that arise between employers and their employees, collectively represented by a union. 29 U.S.C. § 173(d); *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 566 (1960). When determining whether an issue between the parties is arbitrable, I must bear in mind the liberal federal policy in favor of arbitration. *James v. McDonald's Corp.*, 417 F.3d 672, 676-77 (7th Cir. 2005).

## II. Discussion

The parties here have agreed to resolve all issues arising from employment with the City through arbitration. The Agreement contains a broad recognition clause, recognizing "the Union as the sole and exclusive bargaining agent . . . for the purpose of collective bargaining and establishing and administering a labor contract covering wages, rates of pay, hours of labor and all other terms and conditions of employment." The Agreement also contains a broad grievance

resolution procedure, making the Union the employee's griever and culminating in arbitration if the matter is not resolved in earlier stages of the procedure, for "[a]ny grievance or dispute which may arise between the parties, including the application, meaning or interpretation" of the Agreement. Where an arbitration clause is broad, there is a presumption in favor of arbitrability. *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union v. Trimas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008) (citing *AT&T Techs., Inc. v. Commc'ns. Workers of Am.*, 475 U.S. 643, 650 (1986)). Accordingly, the language of the Agreement clearly evinces the intent of the parties to submit a broad range of issues to arbitration.

Additionally, Plaintiffs' claims clearly arise out of the terms and conditions of their employment with the CFD, which are governed by the Agreement. Claims for overtime wages are within the scope of the Agreement; the Agreement defines overtime hours, how those hours should be compensated, and how the FLSA intersects with the Agreement regarding overtime.

Plaintiffs' argument that their claims arise under the FLSA and are therefore not arbitrable is unavailing. Statutory claims, including those under the FLSA, may be resolved through the arbitration process. *See, e.g., Pantel v. TMG of Illinois, LLC*, No. 07 C 7252, 2008 WL 5516489 (N.D. Ill. Nov. 17, 2008); *Marzek v. Mori Milk & Ice Cream Co.*, No. 01 C 6561, 2002 WL 226761 (N.D. Ill. Feb. 13, 2002) ("It is indisputable that statutory claims 'may be the subject of an arbitration agreement, enforceable pursuant to the FAA.'") (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)). Plaintiffs' support for the argument to the contrary, *Pryner v. Tractor Supply Company*, 109 F.3d 354 (7th Cir. 1997), is inapposite because it involved discrimination claims under Title VII, the ADEA, and the ADA. In addition

to considering the interest of allowing unions and employers to establish a comprehensive regime for the adjustment of employment disputes, the Court of Appeals in *Pryner* was concerned with the effective enforcement of rights designed for the protection of workers whom Congress has classified as belonging to vulnerable groups. *Id.* at 360. No such competing concern exists in a case such as this, as all employees have an interest in accurate computation of compensation for overtime worked and in the City's compliance with the Agreement.

Plaintiffs also contend that since they have retired from their employment with the CFD, they should no longer be bound by the agreement. Plaintiffs cite no case law for this proposition. Seventh Circuit precedent, however, has held the opposite - that former employees, who were members of a bargaining unit when the alleged contract violation occurred, are still bound by the collective bargaining agreement under which they were employed. *See Roman v. U.S. Postal Serv.*, 821 F.2d 382 (7th Cir. 1987) (former postal employee required to attempt to exhaust his remedies under collective bargaining agreement before pursuing claim that Postal Service fraudulently induced him to resign, even though employee had resigned before he learned of grievance); *Duerr v. Minn. Mining and Mfg. Co.*, 101 F. Supp. 2d 1057, 1062-63 (N.D. Ill. 2000) (former employee who was part of bargaining unit at time alleged grievance occurred was required to use collective bargaining agreement grievance process before bringing suit under § 301 of the Labor Management Relations Act)*; United Food and Commercial Workers In'l Union v. Cudahy Corp.*, No 84 C 1377, 1985 WL 6041 (N.D. Ill. Mar. 27, 1985) (finding presumption in favor of arbitrability for claims by retired employees); *see also Mills v. U.S. Postal Serv.*, 977 F. Supp. 116, 122 (D.R.I. 1997) (former postal employee limited to collective bargaining remedies in matters pertaining to work-related grievances and required to exhaust

those administrative remedies before seeking judicial enforcement of rights under the Labor Management Relations Act).

Plaintiffs' remaining arguments regarding procedural issues (*i.e.*, with regard to the limitation period on raising grievances and the Union's control over the process) are outside the narrow issue presented by the instant motion, and, to the extent they are relevant to the claims in this case, are best left to the arbitrator to decide. *See Beer, Soft Drink, et al., Local Union No. 744 v. Metro Dist.,* Inc., 763 F.2d 300, 303 (7th Cir. 1985); *Local Union No. 51 IBEW v. Ill. Power Co.*, 357 F.2d 916, 918-919 (7th Cir. 1966).

## III. Conclusion

The City's motion to compel arbitration is granted. I order Plaintiffs to arbitrate their claims against the City pursuant to the procedures in the Agreement. The case here is dismissed.[1]

ENTER:

_James B. Zagel_

James B. Zagel
United States District Judge

DATE: July 10, 2009

---

[1] Applicable precedent indicates that Plaintiffs' statutory right to a judicial proceeding under the FLSA will not be foreclosed by prior submission of their grievance to the contractual dispute resolution procedure contained in the Agreement. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 745 (1981); *see also Jonites v. Exelon Corp.*, 522 F.3d 721, 723-27 (7th Cir. 2008) (noting that consent to be represented in collective bargaining is not realistically the equivalent of consent to the union's waiving a worker's individual statutory rights).